Howell, Judge,
delivered the opinion of the court:
Plaintiff, on April 9, 1952, filed his petition in this court for the recovery of back pay alleged to be due him for services .rendered in the United States Armed Forces between January 15,1942, and March 27,1945.
Plaintiff alleges that he was inducted into the United States Armed Forces in the Far East (commonly known as USAFFE) on January 15, 1942, at Cebu City, Philippine *740 Islands, with a temporary rank of Second Lieutenant.’ Plaintiff does not know the Army serial number assigned to him upon induction.
After the fall of Cebu to the Japanese in April 1942, plaintiff fled to the surrounding hills and on September 21, 1942, joined the Cebu guerrillas as an intelligence operative. Plaintiff worked in Cebu City and adjacent areas until March 26, 1945, at which time he was relieved from active duty because of failing health. On January 15,1948, plaintiff filed an application for arrears in pay (1) as a member of the Philippine Army, inducted into USAFFE on January 15, 1942, and serving therein until April 80, 1942, and (2) for arrears in pay as a guerrilla from September 21, 1942, to March 27, 1945. Plaintiff was granted arrears in pay for his services as a member of USAFFE in the net amount of 37 pesos. It appears that plaintiff’s alleged service as a guerrilla was not recognized and that his name did not appear on any guerrilla roster during his alleged period of service.
The defendant has moved to dismiss plaintiff’s petition on the grounds that it fails to state a claim upon which relief can be granted; that plaintiff’s claim is barred by the statute of limitations, and that plaintiff’s petition fails to comply with Pules 12 (c) and 12 (f) of the Rules of this court in that it fails to cite any statute or other authority on which the claim is founded.
We considered the effect of the statute of limitations 62 Stat. 976, 28 U. S. C. (Supp. V.) § 2501, upon claims of this nature in the case of Ferdinand E. Marcos v. United States, No. 50278, decided February 5, 1952, and selected September 2, 1945, as the date for the lifting of the suspension of the normal operation of the statute of limitations.
Plaintiff’s petition was not filed until April 9,1952, which date is more; than six years subsequent to the lifting of the suspension of the operation of the statute and, therefore, the claim is barred. Accordingly, plaintiff’s petition must be dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.